IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VICKIE COLEMAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 2:17-cv-234-WKW-WC |
| HWASHIN AMERICA CORPORATION and TERRY SEDAN, | ) ) ) ) | |
| Defendants. | ) ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

On April 18, 2017, *pro se* Plaintiff filed a complaint against Defendant Hwashin America Corporation ("Hwashin") and Defendant Terry Sedan ("Sedan"). Doc. 1. Plaintiff's complaint alleges violations of Title VII of the Civil Rights Act of 1964 stemming from her termination, failure to promote, and failure to follow due process requirements set forth in the employee handbook. *Id*. at 1, ¶ 8. Plaintiff states Defendants' conduct was discriminatory based upon race, sex, age, and "other discrimination to be named and identified by amendment." *Id.* at 1, ¶ 10. Plaintiff also seeks relief pursuant to the Age Discrimination in Employment Act ("ADEA"), Equal Pay Act ("EPA"), "Alabama Breach of Employment Handbook Contract Alabama Law," and the Due Process Clause. *Id*. at 3, ¶ 19.

On May 15, 2017, Defendant Hwashin answered (Doc. 11) Plaintiff's complaint, and Defendant Sedan moved to dismiss (Doc. 10) the complaint for failure to state a claim and for insufficient service of process. Defendant Sedan's motion, which is pending before

1

the court, argues that the court should dismiss the complaint against him because (1) he has not been served in compliance with Federal Rule of Civil Procedure 4(e), and (2) assuming *arguendo* that Plaintiff's allegations are true, Plaintiff has failed to state a claim against him upon which relief may be granted. *Id*. at 1-2. Regarding the second argument, Defendant Sedan specifically asserts that Plaintiff's Title VII, EPA, and ADEA claims should be dismissed because Defendant Sedan cannot be held individually liable under those statutes. *Id*. at 2. Further, Defendant Sedan argues that Plaintiff did not exhaust her administrative remedies against him regarding her Title VII and ADEA claims. Finally, Defendant Sedan argues that Plaintiff fails to state a claim for breach of contract against him because he was not a party to the purported agreement—i.e., Defendant Hwashin's Employment Handbook. *Id*.

Upon request of Plaintiff to have this matter referred to the Pro Se Assistance Program ("PSAP"), the undersigned entered an order granting Plaintiff's request to participate in the program on May 31, 2017, and directing Plaintiff to either file an amended complaint or a response to Defendant Sedan's motion to dismiss. *See* Doc. 14. Plaintiff chose not to file an amended complaint, and instead filed a response in opposition of Defendant Sedan's motion. Before entering this recommendation, the undersigned contacted PSAP to ensure that Plaintiff had been afforded the opportunity to work with the program regarding the undersigned's order to amend or respond. PSAP informed the court that Plaintiff had been provided ample opportunity to access the program.

As best the undersigned can tell, Plaintiff responds to Defendant Sedan's argument that he was not properly served by stating that, according to the Clerk's Record, Defendant

Sedan "was served with the Summons and . . . Civil Action Complaint," and that "[t]here has been service of process on [Defendant] Sedan." Doc. 15 at 1-2. As to Defendant Sedan's argument that Plaintiff has failed to state a claim against him under Title VII, the EPA, and the ADEA, Plaintiff responds: "Defendant seems to be unsure as to what Plaintiff is alleging and thus clarification may be needed before this matter proceeds further." *Id*. at 2. As to Defendant Sedan's argument that Plaintiff did not exhaust her administrative remedies against Defendant Sedan before filing suit in this court, Plaintiff responds: "Defendant has failed or refused to provide this Court with an EEOC Charge." *Id*.

Defendant Sedan filed a reply to Plaintiff's response, arguing that dismissal should be granted because Plaintiff failed to respond to any of Defendant Sedan's arguments. Doc. 17. Plaintiff then filed a document titled: "Plaintiff's Report of Terry Sedan Included in EEOC Charge" in which Plaintiff states that Defendants' attorney, Mr. Ronald Flowers, "is aware that [Plaintiff's] EEOC Charge includes [Defendant] Sedan." Doc. 17 at 1. Presumably, Plaintiff offers this document in an attempt to argue against Defendant Sedan's position that Plaintiff failed to exhaust her administrative remedies against him. Plaintiff also filed a second document titled: "Plaintiff's Report of Civil Action *Complaint Draft Compliance" in which Plaintiff "informs the Court" that Defendant Sedan's motion contains multiple references "as to his lack of understanding as to [Plaintiff's] civil action Complain[t]," but that Defendant Sedan fails to reference the exhibits attached to Plaintiff's complaint. Doc. 18. The exhibits referenced by Plaintiff include: (1) a letter, destination unknown, concerning the bases for Plaintiff's previously filed EEOC charge (Doc. 1-1); (2) letters from an attorney who represented Plaintiff in filing her EEOC charge (Doc. 1-

2),[1] (3) Plaintiff's EEOC right-to-sue letter (Doc. 1-3), (4) Plaintiff's termination letter from Defendant Hwashin (Doc. 1-4), and (5) general information regarding the private right to sue under laws enforced by the EEOC (Doc. 1-5).

Having heard fully from the parties, Defendant Sedan's partial motion to dismiss is now ripe for recommendation to the United States District Judge.[2]

I. **Service of Process**

The undersigned turns first to address Defendant Sedan's argument regarding service of process. "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Inv.*, 553 F.3d 1351, 1360 (11th Cir. 2008) (citation omitted); *see also In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void."). Like here, when a defendant contests the sufficiency of service, the plaintiff bears the burden of proving proper service. *Davis v. Country Cas. Ins. Co.,* No. 6:13-cv-513-SLB, 2013 WL 3874709, at *3 (N.D. Ala. July 25, 2013) (citing *Hyundai Merch. Marine Co. v. Grand China Shipping (Hong Kong) Co.,* 878 F. Supp. 2d 1252, 1263 (S.D. Ala. 2012)); *Truss v. Chappell,* 4 So. 3d 1110, 1112 (Ala. 2008)).

---

[1] There are two letters from Plaintiff's former attorney. One is addressed to the Birmingham EEOC office notifying the office that Plaintiff is represented; the other is a letter from the same attorney informing Plaintiff that he cannot file Plaintiff's federal lawsuit. Doc. 1-2.

[2] On April 24, 2017, the District Judge referred this case to the undersigned "for further proceedings and determination or recommendation as may be appropriate." Doc. 4.

The Federal Rules of Civil Procedure generally require that a summons and complaint be served on a defendant within the time allowed by Rule 4(m). Rule 4(m) states: "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Rule 4(e) of the Federal Rules of Civil Procedure provides the acceptable methods of service of process for defendants within a judicial district of the United States. The Rule states, in pertinent part, that service may be effected by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Here, the summons and complaint are addressed to Defendant Sedan at 661 Montgomery Highway, Greenville, Alabama 36037—which is the same address provided for Defendant Sedan's employer, Defendant Hwashin. *See* Docs. 5, 6. The summons and complaint are signed for by an individual other than Defendant Sedan. *See* Doc. 6. Clearly, then, Defendant Sedan has not been served pursuant to Rule 4(e)(2)(A) or (B) because the summons and complaint were not delivered to Defendant Sedan personally,

nor were they left with someone of suitable age at Defendant Sedan's residence. Further, Defendant Sedan states that the individual who signed for the summons and complaint was not his agent. *See* Doc. 10 at 4 (stating that the summons and complaint were "delivered to a third-party individual at Hwashin who is not authorized to accept service on Sedan's behalf"). Plaintiff has provided no facts to indicate that this individual was "authorized by appointment or by law to receive service of process" on his behalf, and the undersigned has no reason to infer such a result. Thus, the undersigned concludes Defendant Sedan has not been served pursuant to Rule 4(e)(2)(C). If service is proper, then, it must be so pursuant to Rule 4(e)(1), which permits service by following Alabama law, as such law encompasses "where the district court is located or where service is made."

While the Alabama Rules of Civil Procedure provide for the same methods of service as Rule 4(e) of the Federal Rules, *see* Ala. R. Civ. P. 4(c)(1), the Alabama Rules also permit service of process by certified mail under the following conditions:

> (A) When Proper. When the plaintiff files a written request with the clerk for service by certified mail, service of process shall be made by that method. Alternatively, the attorney or party filing the process and complaint may initiate service by certified mail as provided in this rule.
>
> (B) How Served.
> (i) In the event of service by certified mail by the clerk, the clerk shall place a copy of the process and complaint or other document to be served in an envelope and shall address the envelope to the person to be served with instructions to forward. . . . The clerk shall affix adequate postage and place the sealed envelope in the United States mail as certified mail with instructions to forward, return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered. The case number of the case in which the pleading has been filed shall be included on the return receipt. The clerk shall forthwith

6

> enter the fact of mailing on the docket sheet of the action and make a similar entry when the return receipt is received. . . .
>
> (C) When Effective. Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt. Within the meaning of this subdivision, "agent" means a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee. Such agent's authority shall be conclusively established when the addressee acknowledges actual receipt of the summons and complaint or the court determines that the evidence proves the addressee did actually receive the summons and complaint in time to avoid a default. An action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within time to avoid a default. . . .

Ala. R. Civ. P. 4(i)(2). Under Alabama law, strict compliance regarding service of process is required. *Aaron v. Aaron,* 571 So. 2d 1150, 1151 (Ala. Civ. App. 1990).

Notably, "nothing in [Alabama] Rule [of Civil Procedure] 4(i)(2) or published Alabama authority purports to mandate that service via certified mail be achieved at a defendant's home address rather than his business address (or any other location where that individual receives mail)[.]" *Truss v. Chappell,* 4 So. 3d 1110, 1113–14 (Ala. 2008) (Murdock, J., specially concurring) (persuasively reading Alabama Rule of Civil Procedure 4(c)(1) and Rule 4(i)(2) together to explain why service by certified mail on an individual defendant is not confined to the defendant's dwelling house or usual place of abode). Thus, service on an individual defendant via certified mail at a business address is not *per se* ineffective under the Alabama Rules of Civil Procedure. However, regardless of where service is accomplished via certified mail, it is not complete until the defendant or his agent affixes his signature on the return receipt card.

Here, a Return Receipt Card was entered on April 26, 2017, showing that Ms. Kathy Kelsoe signed for service of the summons and complaint against Defendant Sedan on April 24, 2017, by way of certified mail. Doc. 6. Ms. Kelsoe, presumably an employee of Defendant Hwashin who is able to accept service on behalf of the corporation,[3] checked the "agent" box with respect to the summons and complaint she accepted on behalf of Defendant Sedan. Thus, the question becomes whether Ms. Kelsoe satisfies the definition of "agent" as contemplated by the Alabama Rules so that, with her signature, service is complete upon Defendant Sedan.

Alabama Rule of Civil Procedure 4(i)(2)(C) provides that an agent is "a person or entity specifically authorized by [Defendant Sedan] to receive [Defendant Sedan's] mail and to deliver that mail to [Defendant Sedan]." Notably, the Alabama Rules appear to contemplate a much more expansive definition of "agent" for purposes of service via certified mail than the state or federal rules contemplate when service is completed via delivery upon a defendant's "agent." *See* Fed. R. Civ. P. 4(e)(2)(C) (noting that a defendant may be served by "delivering a copy of [the summons and complaint] to an agent *authorized by appointment or by law* to receive service of process") (emphasis added); Ala. R. Civ. P. 4(c)(1) (same). In other words, when service is performed on a defendant by certified mail in Alabama, it is enough for Rule 4(i) purposes that the letter be addressed to the defendant and signed for by a person authorized by the defendant to receive and deliver his mail, even if that person is not authorized by appointment or law to receive

---

[3] The undersigned presumes that Ms. Kelsoe is authorized to accept service on behalf of Defendant Hwashin because she checked the "agent" box on the return receipt card, and Defendant Hwashin has not otherwise argued that Ms. Kelsoe was not authorized to accept service on its behalf.

8

service of process for that defendant. The Rule goes on to note that "[s]uch agent's authority shall be conclusively established when [Defendant Sedan] acknowledges actual receipt of the summons and complaint or the court determines that the evidence proves [Defendant Sedan] did actually receive the summons and complaint in time to avoid a default." Ala. R. Civ. P. 4(i)(2)(C).

Defendant Sedan argues that Ms. Kelsoe had no authority to accept service on his behalf. Doc. 10 at 4. Plaintiff, bearing the burden of proving proper service upon Defendant Sedan's motion, responds: "[t]here has been service of process on Terry Sedan." Doc. 15 at 2. Plaintiff does not present additional evidence or argument as to the issue.

As noted above, Ms. Kelsoe's authority could be established, making service complete, either by (1) Defendant Sedan acknowledging actual receipt of the summons and complaint, or (2) the court determining that the evidence proves Defendant Sedan actually received the summons and complaint in time to avoid default. *See* Ala. R. Civ. P. 4(i)(2)(C). Clearly, Defendant Sedan has not acknowledged actual receipt of the summons and complaint because his motion to dismiss argues to the contrary. Therefore, if service has been properly completed as to Defendant Sedan, it can only be so because this court determines that the evidence shows Defendant Sedan *actually received* the summons and complaint in time to avoid a default.

Plaintiff has not put forth any evidence that Ms. Kelsoe actually delivered the summons and complaint to Defendant Sedan, or that Defendant Sedan actually received the summons and complaint by any other means. Plaintiff appears to infer that, because Defendant Sedan has the same attorney as Defendant Hwashin, he has been properly served

9

through that relationship. However, such a presumption does not amount to evidence proving that Defendant Sedan actually received the summons and complaint in compliance with the rules of service. Indeed, it is not Mr. Flowers's responsibility to serve the summons and complaint upon his client; instead, it is Plaintiff's responsibility to properly serve Defendant Sedan. Plaintiff, therefore—even under a liberal standard applied to *pro se* plaintiffs—has not met her burden of showing that service was properly completed.

Plaintiff filed her complaint on April 18, 2017. Doc. 1. As noted above, Federal Rule of Civil Procedure 4(m) requires that service be completed within ninety days of filing the complaint. If service is not completed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice *or* order that service be made within a specified time. Because more than ninety days have passed since Plaintiff filed her complaint and because Defendant Sedan has motioned for dismissal of the complaint for insufficient service, the undersigned concludes that dismissal without prejudice is appropriate.

The undersigned finds that, here, dismissal is sensible instead of affording Plaintiff additional time to serve Defendant Sedan. This is because even if Plaintiff were afforded an opportunity to properly serve Defendant Sedan, the complaint against him would be due to be dismissed for failure to state a claim. As discussed below, assuming *arguendo* that Plaintiff has either met her burden of showing that Defendant Sedan was properly served already, or that Plaintiff could properly serve Defendant Sedan under the Rules if given an extension of time to do so, Plaintiff's Title VII, EPA, and ADEA claims are not viable claims against Defendant Sedan as an individual. Further, Plaintiff's state law breach of

contract claim against Defendant Sedan fails because Defendant Sedan is not alleged to be a party to the contract.

**II.   Plaintiff Fails to State a Title VII Claim Against Defendant Sedan.**

Defendant Sedan argues that Plaintiff fails to state a claim against him under Title VII because Title VII does not allow for individual liability. The undersigned agrees.

First, to the extent Plaintiff is bringing a Title VII claim against Defendant Sedan for gender or race discrimination, retaliation, or a hostile-work environment, the Eleventh Circuit has held that such suit is impermissible. *See Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir. 1991) (holding that "individual capacity suits under Title VII are . . . inappropriate"); *see also Cross v. Ala. Dep't of Mental Health & Mental Retardation,* 49 F.3d 1490, 1504 (11th Cir. 1995) (affirming the *Busby* holding in an action brought after the 1991 amendments to Title VII; holding that liability under Title VII is limited to official-capacity actions). Accordingly, to the extent Plaintiff is alleging a Title VII claim against Defendant Sedan, the undersigned finds that such a claim is due to be dismissed.

**III.   Plaintiff Fails to State an Equal Pay Act Claim Against Defendant Sedan**.

Similarly, Defendant Sedan argues that Plaintiff's EPA claim against him should be dismissed because there is no individual liability under the EPA. Under these circumstances, the undersigned agrees.

The text of the EPA that prohibits discrimination in the payment of wages on the basis of an employee's sex provides, in relevant part, that:

> No *employer* having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are

> employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex:
> . . . .

29 U.S.C. § 206(d)(1). The Act goes on to define employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee and includ[ing] a public agency. . . ." 29 U.S.C. § 203(d) (1978). The EPA precludes individual liability where, in keeping with the definition of an employer under the Act and the Fifth Circuit's test of "the total employment situation,"[4] an individual defendant exerts little or no control over the employees claiming a violation under the Act. *Welch v. Laney,* 57 F.3d 1004, 1011 (11th Cir. 1995).

Here, Plaintiff's complaint does not allege that Defendant Sedan is her employer, nor does she allege that Defendant Sedan acted directly or indirectly on behalf of Defendant Hwashin. Further, she does not allege that Defendant Sedan exerted any type of control over her or her employment.[5] Plaintiff's complaint merely states, "Mr. Terry Sedan when he arrived in his status, contributed to the environment and hostile conditions of my

---

[4] The "total employment situation" includes: "whether or not the employment [took] place on the premises of the [alleged employer]; how much control [did] the [alleged employer] exert on the employees; and, [did] the [alleged employer] have the power to fire, hire, or modify the employment condition of the employees?" *Wirtz v. Lone Star Steel Co.*, 405 F.2d 668, 669-70 (5th Cir. 1968).

[5] To be sure, Plaintiff does allege that Defendant Sedan, at some time during her employment, "instructed [her] to leave." Doc. 1-1 at 2. However, it is unclear at best whether Defendant Sedan had authority to instruct Plaintiff to leave, and, in any event, such authority does not equate to the type of authority required to classify Defendant Sedan as an "employer" under to the EPA.

employment." Doc. 1 at 2, ¶ 13. In a document attached to her complaint, which appears to be a letter "To whom it may concern" referencing her previously filed EEOC charge, Plaintiff refers to Defendant Sedan as a supervisor, but it is unclear whether Defendant Sedan is Plaintiff's supervisor, and the undersigned can find no reason to infer such a conclusion. Thus, because Plaintiff has not alleged any facts to suggest that Defendant Sedan was her "employer" as defined by the EPA, she has failed to state a claim against him.

Even if Plaintiff could allege facts to suggest that Defendant Sedan was her employer, the undersigned notes that Plaintiff's complaint is devoid of allegations against Defendant Sedan that would seemingly violate the EPA. In her attached "To whom it may concern" letter, Plaintiff states the following against Defendant Sedan:

- ". . . . Also, Terry Sedan told [Plaintiff] that I was not to report to work until 30 minutes prior to start time. But other team leaders could come in one hour prior to start time." Doc. 1-1 at 1.

- "On June 12, 2012, I told plant manager Mr. Gary, a White male, about Russell and Josh sending me to another shift because Terry Sedan, a White male supervisor, was doing such a terrible job that he needed assistance. They were going to send another team member but Russell knew that Terry Sedan needed help and that is why I was sent to another shift because supervisor Chris Brooks told me that I need to watch out because Russell Gregory is trying to send me to Terry Sedan's shift to prevent him from getting fired for low production and bad parts." *Id*. at 2.

- ". . . .Three people wanted overtime to re-check parts. Alexander and Alexis Wilson including Quinton Ross but supervisor Terry Sedan stipulated that the three could stay only if I stayed. I time[d] Alexander and Alexis sitting down, no production, for 30 mintues. After disclosing my finding with the brother and sister, I released [them] for the day. However, they said they were not leaving. They continued to inform me of contacting Terry Sedan, at home, instructing them to stay. Therefore, undermining my authority as a team leader. In addition, Terry Sedan instructed me to leave." *Id*.

13

These allegations, accepted as true for purposes of this recommendation, do not indicate that Defendant Sedan's actions "discriminate[d] . . . between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions[.]" 29 U.S.C. § 206(d)(1). While Plaintiff does assert that Defendant Sedan "contributed to the environment and hostile conditions of [her] employment[,]" such a vague and conclusory allegation, even when construing the statement liberally under a *pro se* standard, does not satisfy the Federal Rules of Civil Procedure for stating a claim against Defendant Sedan. Accordingly, Plaintiff has failed to state a claim against Defendant Sedan under the EPA and, to the extent she is attempting to assert such a claim against Defendant Sedan, it should be dismissed.

### IV. Plaintiff Fails to State an Age Discrimination Act Claim Against Defendant Sedan.

Defendant Sedan argues that Plaintiff fails to state a claim against him under the ADEA because the ADEA does not allow for individual liability. The undersigned agrees.

As with Title VII, there is no individual liability under the ADEA. *Albra v. Advan, Inc.,* 490 F.3d 826, 830 (11th Cir. 2007); *see also Smith v. Lomax,* 45 F.3d 402, 404 n. 4 (11th Cir. 1995) (supervisors "cannot be held liable under ADEA or Title VII"). Accordingly, to the extent Plaintiff is alleging an ADEA claim against Defendant Sedan, the undersigned finds that such a claim is due to be dismissed.

**V.     Plaintiff Fails to State a Breach of Contract Claim Against Defendant Sedan.**

Plaintiff alleges a claim for "Alabama Breach of Employment Handbook Contract Alabama Law as published by Hwashin America Corporation." Doc. 1, ¶ 19. Presumably, this claim is for breach of contract as to Defendant Hwashin's employee handbook. While it is unclear whether Plaintiff intends to assert such a claim against Defendant Sedan, to the extent that she does, the claim is due to be dismissed. Indeed, even if Defendant Hwashin's Employment Handbook is a contractual agreement with Plaintiff, there are no facts to suggest Defendant Sedan was a party to such an agreement. Because Plaintiff has not asserted Defendant Sedan was a party to the alleged contract, and the undersigned cannot find a reason that Defendant Sedan should be construed as a party to the alleged contract,[6] Plaintiff's claim for Alabama Breach of Employment Handbook Contract Alabama Law is due to be dismissed against Defendant Sedan.

**VI.    Plaintiff fails to State a Due Process Clause Violation Against Defendant Sedan.**

Finally, it is unclear whether Plaintiff is attempting to assert a due process clause violation against Defendant Sedan.  However, Plaintiff's paragraph nineteen states that she is "seeking relief under the . . . U.S[.] Due Process of Law Statute." Doc. 1 at 3. The Fourteenth Amendment of the United States Constitution protects against deprivation by *state action* of a constitutionally protected interest in "life, liberty, or property" without the

---

[6] The undersigned recalls that Defendant Sedan is a supervisor with Defendant Hwashin, but that there is no indication that Defendant Sedan would be responsible for executing an alleged employment handbook contract with Plaintiff.

15

due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Due process violations—both procedural and substantive—are brought pursuant to 42 U.S.C. § 1983.

Defendant Sedan has not specifically moved to have Plaintiff's "U.S. Due Process of Law Statute" claim against him dismissed. This may be because Defendant Sedan does not believe that Plaintiff is making such a claim against him. While that may very well be the case, the undersigned also notes that such a claim against Defendant Sedan would be futile, as a § 1983 violation requires state action, and nothing in Plaintiff's complaint indicates that Defendant Sedan is a state actor. Thus, to the extent that Plaintiff is asserting such a claim against Defendant Sedan, or that she would assert such a claim against him, it is not viable, and should be dismissed against Defendant Sedan.

VII. **Conclusion**

In summary, Plaintiff has not met her burden of showing that she properly served Defendant Sedan, and her complaint against him should be dismissed without prejudice upon that basis. Alternatively, Defendant Sedan's motion to dismiss Plaintiff's claims against him for failure to state a claim should be granted. Specifically, Plaintiff's Title VII, EPA, and ADEA claims are not viable against Defendant Sedan as an individual. Further, Plaintiff has not alleged that Defendant Sedan was a party to a contract in which Defendant Sedan could breach such an agreement. Finally, Plaintiff cannot assert a Due Process Clause violation against Defendant Sedan because Defendant Sedan is not a state actor. Accordingly, Defendant Sedan's motion to dismiss Plaintiff's complaint against him is due to be granted.

The undersigned notes that Plaintiff was afforded an opportunity to file an amended complaint that addressed the deficiencies raised by Defendant Sedan in his motion to dismiss. However, Plaintiff chose to respond in opposition to Defendant Sedan's motion instead of filing an amended complaint or attempting to complete service upon him. Therefore, the undersigned would clarify that he is not recommending dismissal of Plaintiff's claims against Defendant Sedan prior to affording Plaintiff an opportunity to amend her complaint against him.

Therefore, for the foregoing reasons, it is the RECOMMENDATION of the undersigned Magistrate Judge that Defendant Sedan's Motion to Dismiss (Doc. 10) be GRANTED and that this case be referred back to the undersigned for further proceedings. It is

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 12, 2017**. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee*

*also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 28th day of September, 2017.

<u>/s/ Wallace Capel, Jr.</u>
CHIEF UNITED STATES MAGISTRATE JUDGE