IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VICKIE COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-CV-234-WKW |
| | ) | [WO] |
| HWASHIN AMERICA | ) | |
| CORPORATION and TERRY | ) | |
| SEDAN, | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

Before the court is the Recommendation of the Magistrate Judge. (Doc. # 23.) On October 11, 2017, Plaintiff Vickie Coleman filed a *pro se* objection to the Recommendation. (Doc. # 26.) Having conducted an independent and *de novo* review of the Recommendation, *see* 28 U.S.C. § 636(b), and having construed Ms. Coleman's objection with the leniency afforded *pro se* plaintiffs, the court concludes the objection is due to be overruled.

Ms. Coleman principally objects to the Magistrate Judge's conclusion that Defendant Terry Sedan was not properly served and that, therefore, the case against him should be dismissed without prejudice. According to Ms. Coleman, the Magistrate Judge "knew and should have known that Vickie Coleman met the

required duty to have Terry Sedan served." (Doc. # 26, at 2.) Yet Ms. Coleman puts forth no evidence supporting this claim. Instead, the evidence shows that the summons and complaint were mailed to Defendant Sedan at his employer's address, and were received there by an individual who was neither Mr. Sedan nor his agent. Because this practice does not conform to the requirements of Federal Rule of Civil Procedure 4(e), service was improper.

Ms. Coleman also argues that she did not have a chance to amend her complaint. (Doc. # 26, at 2.) But the Magistrate Judge afforded her just this opportunity when it granted Ms. Coleman's request to participate in the Pro Se Assistance Program and directed her either to (1) file an amended complaint, or (2) file a response to Mr. Sedan's motion to dismiss. (Doc. # 14.) Ms. Coleman chose to file a response that, as pertinent here, simply concluded that Mr. Sedan "was served with the Summons and Vickie Coleman's Civil Action Complaint." (Doc. # 15, at 1.) As noted above, Ms. Coleman did not offer any evidence that this assertion was true.

Accordingly, it is ORDERED as follows:

1. Ms. Coleman's objection to the Magistrate Judge's Recommendation (Doc. # 26) is OVERRULED;

2. The Recommendation of the Magistrate Judge (Doc. # 23) is ADOPTED;

3. Defendant Sedan's Motion to Dismiss (Doc. # 10) is GRANTED, and Ms. Coleman's complaint against Defendant Sedan is DISMISSED without prejudice; and

4. The case is REFERRED back to the Magistrate Judge for further proceedings.

DONE this 17th day of October, 2017.

      /s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE