IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VICKIE COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-CV-234-WKW |
| | ) | [WO] |
| HWASHIN AMERICA | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Vickie Coleman filed this action against her former employer, Defendant Hwashin America Corporation. Coleman claims Hwashin violated Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, the Equal Pay Act, contract law, and the Due Process Clause. (Doc. # 1.) Both parties moved for summary judgment. (Docs. # 54, 57.) The Recommendation of the Magistrate Judge concludes that summary judgment should be granted for Hwashin and against Coleman. (Doc. # 71.) Coleman now objects to that Recommendation. (Doc. # 72.)

As an initial matter, the court notes that several of Coleman's objections are inadequate. An objection to a Recommendation must "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see* Fed. R. Civ. P. 72(b)(2) (requiring "specific" objections). "Frivolous, conclusive, or general objections need not be considered by the district court."

*Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). Coleman's objections cite no legal authority. And while her objections refer to "evidence" in general, they cite no specific evidence. Instead, Coleman simply makes conclusory (and often confusing) comments.

Still, the court has reviewed the disputed portions of the Recommendation *de novo*. 28 U.S.C. § 636(b). It finds that the Recommendation is due to be adopted in its entirety. The Recommendation is comprehensive and well-reasoned, so the court need not rehash why Hwashin is entitled to summary judgment and why this case is due to be dismissed. Instead, the court will simply respond to Coleman's objections to the Recommendation.

First, Coleman claims the Recommendation "applied the wrong legal standard of review and analysis." (Doc. # 72, at 4.) Not so. The Recommendation correctly applied the well-established rules governing motions for summary judgment. (*See* Doc. # 71, at 5–7.)

Second, Coleman faults the Recommendation for following the statement of undisputed material facts in Hwashin's motion for summary judgment. Though the Recommendation's statement of facts (Doc. # 71, at 8–13) mirrors the statement of facts in Hwashin's motion (Doc. # 57, at 4–13), that is only because Coleman failed to present evidence showing that those facts were in dispute (*see* Doc. # 71, at 8 n.4). Put differently, because the facts were not in dispute, the Recommendation was free

to rely on them.

Third, Coleman says Hwashin "failed to confront the pleadings and evidence offered by . . . Coleman." (Doc. # 72, at 4.) That is not correct. Hwashin filed both a response to Coleman's motion for summary judgment (Doc. # 62) and a reply in support of its own motion for summary judgment (Doc. # 69). And it does not matter whether Hwashin responded to every jot and tittle of Coleman's argument; it matters whether Coleman or Hwashin is entitled to judgment as a matter of law.

Fourth, Coleman argues that the Recommendation "evades the fact" that her motion for summary judgment "was timely filed and was acknowledged days before [Hwashin] filed its motion for summary judgment." (Doc. # 72, at 4.) This objection is both wrong and irrelevant. It is wrong because the Recommendation notes that Coleman moved for summary judgment before Hwashin did. (Doc. # 71, at 2.) It is irrelevant because Hwashin's motion was timely and because Hwashin is entitled to judgment as a matter of law.

Fifth, Coleman argues that Hwashin's motion to strike a portion of Coleman's affidavit (Doc. # 63) was untimely (Doc. # 72, at 5). But Hwashin's motion to strike was not untimely. The Uniform Scheduling Order did not address motions to strike, and there is nothing wrong with filing a motion to strike after one files a motion for summary judgment.

Sixth, Coleman claims Hwashin "did not define its letter of termination and

3

is supportive adjective words as it would apply to . . . Coleman." (Doc. # 72, at 5.) That objection seems to argue that the termination letter that Hwashin sent Coleman (Doc. # 58-1, at 41) should have given a more detailed explanation of why Hwashin fired Coleman. But though the letter is terse, other evidence explains the decision to fire Coleman. (*See, e.g.*, Doc. # 58-2, at 4; Doc. # 58-3, at 3; Doc. # 58-4, at 3.)

Seventh, Coleman confusingly asserts that "the gift card conversation was not of ownership and the person surrounding the gift card was not an employee." (Doc. # 72, at 5.) That objection seems to dispute what happened when Brandon Lawson handed his gift cards to Coleman. But it does not matter that Coleman did not steal the gift cards or that Lawson was a fresh hire. What matters is that Hwashin fired Coleman because it believed she undermined her supervisor's authority. (Doc. # 71, at 20, 26.) Along the same lines, it is irrelevant that Lawson "is not the plaintiff nor the defendant." (Doc. # 72, at 6.) Lawson's affidavit, on which Coleman herself relies (Doc. # 54-3), is enough.

Eighth, Coleman claims that there is no "evidence of record as to who is upper management and what constitutes deliberate." (Doc. # 72, at 5.) Hwashin, however, adequately explained why it fired Coleman. Coleman did not show that Hwashin's explanation was pretextual.

Ninth, Coleman asserts that the Recommendation should have cited the 2009 version of the Hwashin employee handbook, not the 2014 version. Coleman seems

4

to claim that the 2009 handbook did not specify what would happen if an employee deliberately undermined upper management. (Doc. # 72, at 6.) But the 2014 version of the handbook states that "[u]ndermining the authority of upper management" is a "major offense[]" that will "almost always result in discharge." (Doc. # 58-2, at 37.) It is irrelevant that the 2014 handbook does not use the word "deliberate" or that the 2009 handbook possibly said something different.

Finally, Coleman argues that the Recommendation ignores evidence. Not so. The Recommendation did not ignore any material evidence. Nor did it resolve any genuine disputes of material fact. Instead, it found that there were no such disputes.

It is therefore ORDERED that Plaintiff's objections to the Recommendation of the Magistrate Judge (Doc. # 72) are OVERRULED. It is further ORDERED that the Recommendation of the Magistrate Judge (Doc. # 71) is ADOPTED, Plaintiff's Motion for Summary Judgment (Doc. # 54) is DENIED, and Defendant's Motion for Summary Judgment (Doc. # 56) is GRANTED.

A separate Final Judgment will be entered.

DONE this 28th day of January, 2019.

                                       /s/ W. Keith Watkins
                             CHIEF UNITED STATES DISTRICT JUDGE