IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VICKIE COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No.: 2:17-cv-234-WKW-WC |
| | ) |
| HWASHIN AMERICA CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Defendant's Motion to Tax Costs (Doc. 78).  The District Judge has referred the motion to the undersigned Magistrate Judge "for the entry of any orders as may be appropriate."  Doc. 79.  On February 22, 2019, the undersigned entered an Order (Doc. 80) directing Plaintiff to respond to the motion on or before March 6, 2019.  On February 25, 2019, Plaintiff filed her "Objection and Motion for Reconsideration to Order Number 79-1 and Strike of Defendant's Motion to tax Cost Based on Record Evidence Rule" (Doc. 81).  Thereafter, on February 28, 2019, the District Judge entered an Order (Doc. 83) overruling Plaintiff's objection to the referral of the motion to the undersigned and advising that the undersigned would "address Plaintiff's arguments about Defendant's motion."  As such, the matter is ripe for recommendation to the District Judge.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  This provision creates a presumption in favor of awarding costs to a prevailing party.  *See Manor Healthcare Corp. Lomelo*, 929

1

F.2d 633, 639 (11th Cir. 1991). If a party challenges taxation of costs, the burden lies with the challenging party to show the costs are not authorized and should not be taxed against the losing party. *EEOC v. W & O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000).

Twenty-eight U.S.C. § 1920 enumerates what costs may be taxed in favor of a prevailing party. The statute provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees . . . [;]
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services[.]

Accordingly, the undersigned's obligation is to determine, first, whether Defendant is a prevailing party who is entitled to the recovery of costs and, if so, second, whether the costs Defendant seeks to have taxed against Plaintiff are authorized pursuant to the statute.

On January 28, 2019, the District Judge entered a Memorandum Opinion and Order (Doc. 73) overruling Plaintiff's objections to the undersigned's Recommendation (Doc. 71) that Defendant's motion for summary judgment be granted and that judgment be entered in favor of Defendant. Consistent with his opinion, the District Judge entered a Final Judgment (Doc. 74) in favor of Defendant, thereby rendering Defendant the prevailing party in this litigation. According to its Bill of Costs, Defendant seeks recovery of $496.50 in costs. *See* Doc. 78-1. This amount includes $466.50 "for printed or electronically recorded transcripts necessarily obtained for use in the case" and $30.00 for

2

"printing." By affidavit of its attorney, Ronald Flowers, Defendant asserts that these costs were necessarily incurred in defending against Plaintiff's claims against it, and that Defendant utilized the materials reflected on the Bill of Costs in support of its successful motion for summary judgment. Affidavit of Ronald Flowers, Doc. 78-1 at 4, ¶ 4. Defendant's Itemization of Costs indicates that the "transcripts" obtained by Defendant were in fact transcripts of the deposition of Plaintiff taken on April 18, 2018, and May 7, 2018. Doc. 78-1 at 6. Defendant has also provided corresponding invoices showing that commensurate amounts were charged to Defendant's law firm by the court reporter. Doc. 78-1 at 7-8. Finally, Defendant has provided an invoice showing 150 pages of printing at twenty cents per page. Defendant's costs are plainly authorized for taxation by the statute. *See* § 1920(2) & (3).

There can be no doubt that Defendant's procurement of Plaintiff's deposition was integral in defending against Plaintiff's allegations, and that the cost of producing transcripts of the deposition were necessarily incurred in Defendant's successful effort to obtain summary judgment. Indeed, Defendant cited and relied upon Plaintiff's deposition extensively throughout its brief in support of its motion for summary judgment. *See generally* Doc. 57. Likewise, both the undersigned, in the Recommendation (Doc. 71) that Defendant's motion be granted, and the District Judge, in his Order (Doc. 73) adopting that Recommendation, relied upon Plaintiff's deposition in both finding undisputed facts and applying the law to grant summary judgment. In short, Defendant has easily shown that its claimed costs were reasonably and necessarily incurred in its defense against Plaintiff's claims.

The question thus becomes whether Plaintiff has satisfied her burden to show that Defendant's costs are not authorized by statute or were not reasonably and necessarily incurred. Plaintiff has failed to do so. Her argument, in its entirety, is that Defendant has only submitted "blank cost statements that lack proof of actual payment[,]" that she "was not reimbursed for travel and time spent after being told to participate after expiration of scheduling order[,]" and that the "Magistrate unfairly issued an order that rendered Vickie Coleman's efforts to conduct discovery on Terry Sedan moot!" Doc. 81. As to Plaintiff's first point, she has cited no authority for her apparent proposition that a prevailing party is required to provide receipts for its payment of costs incurred. Nor is any such authority known to the undersigned. As discussed above, Defendant has adequately demonstrated that its law firm was billed by the court reporter for the costs for which Defendant seeks taxation. Plaintiff has not shown that she is entitled to intrude upon the relationship between the law firm and the court reporter to verify whether the firm has paid its bill to the court reporter.

Plaintiff also has not provided any authority for her proposition that she is entitled to reimbursement for having to participate in court-ordered discovery and has not explained why, as a losing party, she should nevertheless be entitled to reimbursement. In any event, it appears Plaintiff misunderstands the nature of Defendant's motion. Defendant is not seeking reimbursement for the "travel and time" incurred by its attorneys in participating in discovery. Rather, Defendant only seeks taxation of specific, statutorily-authorized costs it incurred in defending against Plaintiff's claims—namely, the cost of hiring a court reporter for Plaintiff's deposition. Plaintiff's unsupported and irrelevant complaint about

4

her non-existent entitlement to reimbursement for expending her own time cannot preclude taxation of Defendant's costs.  Finally, Plaintiff's complaint about an adverse ruling as to her claim against Terry Sedan is irrelevant to the issue before the court.  Plaintiff has simply failed to articulate any viable legal or factual basis for concluding that Defendant should not be permitted to tax costs against her, or that Defendant's submitted costs are not authorized or should be reduced.

For all of the foregoing reasons, the undersigned concludes that Defendant is entitled to tax the full amount of its submitted costs against Plaintiff.  Accordingly, the undersigned hereby RECOMMENDS that Defendant's Motion to Tax Costs (Doc. 78) be GRANTED.

It is further ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 4, 2019**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v.*

5

*City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

    DONE this 21st day of March, 2019.

                                  <u>/s/ Wallace Capel, Jr.</u>
                                  CHIEF UNITED STATES MAGISTRATE JUDGE